**Steven HAMRE, Plaintiff—Appellant,**

v.

**CITY OF BOTHELL, a Political Subdivision of the State of Washington; Mark Ericks, Bothell Police Chief; Eric M. White, Bothell Police Officer; John Doe Officers, I through III, Bothell Police Officers, Defendants—Appellees.**

No. 02–35849.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 18, 2003.

Patrick J. Kang, Aiken & Fine, Seattle, WA, for Plaintiff–Appellant.

Richard Jolley, Keating Bucklin & McCormack, Seattle, WA, for Defendants–Appellees.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM *

After a neighbor complained about noise coming from Steven Hamre's house while

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts

Hamre and his relatives were working on a backyard deck, Officer Eric White of the City of Bothell Police Department responded to the scene. Many details of the ensuing encounter between Hamre and White are disputed, but it is undisputed that Hamre used foul language and rudely told White to get off his property after learning that White did not have a warrant. It is also undisputed that more than five weeks later, White filed citations charging Hamre with (1) reckless endangerment; (2) disorderly conduct; and (3) fourth degree assault. The judge dismissed the first two charges and acquitted Hamre of the third because of insufficient evidence that Hamre intended to create fear in the mind of Officer White, a required element of fourth degree assault in Washington.

Hamre subsequently filed a 42 U.S.C. § 1983 suit in the United States District Court for the Western District of Washington against White, the City of Bothell, Bothell Police Chief Mark Ericks, and three other Bothell police officers identified as John Does I through III, claiming that his arrest and prosecution based on Officer White's fabricated version of their encounter violated his First, Fourth, and Fourteenth Amendment rights. He also filed state tort claims for false arrest and imprisonment, malicious prosecution, and negligent and intentional infliction of emotional distress. The district court granted the defendants' motion to dismiss all of Hamre's claims against all parties. The district court also rejected Hamre's request for a Rule 56(f) continuance to find evidence of the City's liability for a section 1983 violation. Hamre appeals the district court's judgment except for the dismissal of the claims against Police Chief Ericks and the John Doe defendants. As the parties are familiar with the facts, we recite them only as necessary. We reverse in part and affirm in part and remand to the district court for further proceedings consistent with this disposition.

 Hamre presented sufficient evidence to survive summary judgment on his First Amendment and Fourth Amendment claims. Viewing the evidence in the light most favorable to Hamre, Officer White told Hamre he would "deal with [him] later" after Hamre used insulting language during their encounter. White allegedly then followed through on the threat by fabricating his police report and filing false charges against Hamre in retaliation for Hamre's rude behavior. White's alleged retaliation for the insult he received from Hamre would constitute a clear First Amendment violation. *See City of Houston v. Hill*, 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir.1990). Hamre also presented sufficient evidence that White's alleged deliberate false statements about his encounter with Hamre led to Hamre's wrongful arrest and prosecution in violation of his clearly established Fourth Amendment rights. *See Hervey v. Estes*, 65 F.3d 784, 790 (9th Cir.1995). Because Hamre's claims are governed more closely by Fourth Amendment principles than by due process, we affirm the dismissal of Hamre's Fourteenth Amendment claim. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.2002).

 The district court also erred by dismissing Hamre's state tort claims. With respect to Hamre's claims for false arrest and imprisonment and malicious prosecution, the district court failed to credit the evidence presented by Hamre that Officer White falsified his police report to "deal with [Hamre] later" as he had threatened to do. Under Washington law, "[I]f a factual issue as to whether

probable cause or malice exists, the question must be submitted to the jury." *Bender v. City of Seattle*, 99 Wash.2d 582, 664 P.2d 492, 501 (Wash.1983). Similarly, the district court erred in dismissing Hamre's intentional infliction of emotional distress claim by failing to recognize that being prosecuted on trumped up charges amounts to more than "mere annoyance, inconvenience, or normal embarrassment." *Brower v. Ackerley*, 88 Wash.App. 87, 943 P.2d 1141, 1149 (Wash.Ct.App.1997) (internal quotation omitted).

█ The district court also erred by dismissing Hamre's state law claim for negligent infliction of emotional distress on the grounds that Hamre did not present evidence of "objective symptomatology." "The party seeking summary judgment bears the initial burden of showing the absence of an issue of material fact," *Seaman v. Karr*, 114 Wash.App. 665, 59 P.3d 701, 707 (Wash.Ct.App.2002) (internal quotation omitted), but the district court failed to recognize that the defendants never raised the issue of the lack of evidence of "objective symptomatology" to support Hamre's claim. Hamre should be given the chance to present evidence to the district court before having his claim dismissed.

█ Because we are reversing the dismissal of Hamre's state law tort claims against White, we also reverse the district court's dismissal of Hamre's state law claims against the City of Bothell. Similarly, Hamre's section 1983 claims against the City should be reinstated to the same extent as his section 1983 claims against White. To the extent that the district court denied Hamre's Rule 56(f) motion to continue discovery against the City based solely on its erroneous dismissal of Hamre's constitutional claims against White, the court should allow Hamre to continue discovery to uncover potential evidence of the City's customs, practices, or policies that might trigger section 1983 liability. However, to the extent that the district court's decision to deny Hamre's request for a Rule 56(f) continuance depended on its conclusion that Hamre already had ample time to uncover evidence suggesting municipal liability if any existed, we permit the district court to reaffirm its denial of Hamre's Rule 56(f) request on remand.

We **REVERSE** the district court's dismissal of Hamre's First and Fourth Amendment and state law tort claims, **AFFIRM** the dismissal of Hamre's Fourteenth Amendment claim, and **REMAND** for further proceedings consistent with this disposition.